IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CR-23-085-RAW |
| | ) |
| STEVEN KENNETH REILLY, | ) |
| | ) |
| | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the court is the motion of defendant to dismiss the indictment. Defendant is charged with two counts of making a false statement to a firearms dealer during the acquisition of a firearm, in violation of 18 U.S.C. §922(a)(6). The government has responded (#23). The briefing indicates that on December 12, 2022, a felony information was filed against the defendant in Marshall County, Oklahoma. On December 24, 2022 and January 3, 2023, defendant sought to reclaim his own firearms from two pawn shops.[*] Defendant allegedly falsely stated on the ATF Firearms Transaction Form that he was not under indictment or information in any court for a felony.

Defendant's first contention is that 18 U.S.C. §922(n), which prohibits the receipt of a firearm by a person under felony indictment, is unconstitutional under the recent Supreme Court decision *New York State Rifle & Pistol Ass'n, Inc. v. Bruen,* 142 S.Ct. 2111 (2022).

---

[*]Application of section 922(a)(6) to redemption of a weapon from a pawnbroker was upheld in *Huddleston v. United States,* 415 U.S. 814, 821-23 (1974).

Defendant has not been charged with violation of that statute, but his argument is that if §922(n) is unconstitutional, his false statements were not "material" to the lawfulness of the firearm sales. Materiality is an element of a §922(a)(6) violation.

This line of logic was rejected in *United States v. Holden,* 70 F.4th 1015 (7th Cir.2023), finding that "false statements may be punished even when the government is not entitled to demand answers." *Id.* at 1017. The Seventh Circuit also observed "[n]or is it likely that §922(n) would be held invalid across the board." *Id.* "People cannot engage in self help by telling lies to avoid the inquiry whether §922(n) may properly apply to them." *Id.* at 1018. Accordingly, "a truthful answer to the question 'are you under indictment?' can be material to the propriety of a firearms sale, whether or not all possible applications of §922(n) comport with the Second Amendment." *Id.*

The example given by the *Holden* court of an unconstitutional application of §922(n) is "someone under indictment for an antitrust offense." *Id.* In the case at bar, the state court charges were for (1) unlawful possession of a controlled drug with intent to distribute and (2) possession of a firearm during commission of a felony.

At the conclusion of the motion, defendant suggests §922(a)(6) is itself unconstitutional. The court declines to adopt this argument either. *See United States v. Valentine,* 2023 WL 2571720, *7 (N.D.Ind.2023)("Section 922(a)(6) does not create a substantive restriction on who may possess a firearm. Rather, the conduct which this section

regulates is lying to the federal government about material facts during the course of firearm transactions."; *United States v. Gonzalez,* 2022 WL 17583769, *2 (D.Utah 2022).

It is the order of the court that the motion of defendant to dismiss the indictment (#22) is hereby denied.

**ORDERED THIS 19th DAY OF JULY, 2023.**

*[signature: Ronald A. White]*
_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**